a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
RULE to show cause why an exoneretur should not be entered on a bail piece, on the ground that, since the entry of bail, the defendant, Norwood, had been discharged under the insolvent laws of Maryland.
Bayard, for defendant, moved to make the rule absolute, and cited, 1 Harr: Rep. 367; 3 Ibid 271; 4 Wheat. Rep.
200; and produced evidence that the courts of Maryland gave effect to insolvent discharges by the courts of Delaware.
Rogers, jr., opposed the motion, on the ground that the Maryland insolvent law did not discharge the body only, but the contract, and was such as the comity of our courts could not respect. It was in effect a State bankrupt law; and unconstitutional as to contracts made out of the State. The creditor in this case was a citizen of Pennsylvania. (4 Wheat. Rep. 200; Pet. Dig. 325.)
Mr. Bayard, replied, that the decision in Sturges vs.
Crowning-shield, was that the law of the State, so far as it contravenes the Constitution of the United States is void, and no further; so far as it is constitutional the courts will hold it good and carry it out. The question in that case was, whether a State could pass a bankrupt law, and the result was, that when Congress had not acted, a State could pass such law to operate within its own borders, but that it would be unconstitutional and inoperative as to citizens of other States. It decides that imprisonment of the person was only a mode of remedy for recovery of the debt, and could be abolished without affecting the contract. A State law then, whether a bankrupt law or an insolvent law, so far as it operates to discharge theperson from prison, is constitutional in reference to citizens of different States, as well as citizens of the State making the discharge; and to that extent such a discharge will be recognized by the comity of this court towards the courts of any other State reciprocating this comity.
As to the Maryland law and the Maryland discharges, the effect is precisely the same as our laws and discharges, though in different language. It is an insolvent law and not a bankrupt law. It requires an assignment by the insolvent of all the property he has, and discharges him from his debts; providing, however, that all future acquisitions of property should be liable to his debts. This is no more than a discharge of the person; nor more than the effect of our *Page 461 
own discharges, which on assignment of the debtor's property discharges his person, leaving property subsequently acquired liable to his debts.
The defendant here asks an exoneretur of his bail, whose obligation is merely for the production of the debtor's body to be imprisoned: his application to the court is to recognize the discharge in Maryland so far as to discharge the defendant's person from imprisonment. If we were seeking to give to this discharge, or to the law of Maryland here, the effect of discharging the defendant's subsequently acquired property from liability, the court would regard such an effect of the law as unconstitutional, and would not extend its comity thus far; but when we ask to give it such an effect as is perfectly consistent with the Constitutions of the United States and of this State, it in nowise conflicts with our laws or practice; but is doing the same thing which we would do ourselves.
 The court made the rule absolute.